IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VALERIE D. MORGAN,

    Plaintiff,

v.                        Civil Action No. 3:18-cv-435

BAYVIEW LOAN SERVICING, LLC,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT NVR MORTGAGE FINANCE, INC.'S MOTION TO DISMISS (ECF No. 9); the MOTION TO DISMISS (ECF No. 18) filed by Bayview Loan Servicing, LLC ("Bayview"), E*Trade Bank ("E*Trade"), and Mortgage Electronic Registration Systems, Inc. ("MERS"); DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 20); and Plaintiff Valerie D. Morgan's MOTION[S] TO AWARD PLAINTIFF FEDERAL & STATE CRIME VICTIMS RIGHTS, and DENY DEFENDANTS ANY/ALL FORMS OF RELIEF - PER 18 USC 3771 (d)(1) (ECF Nos. 28, 34, 36, 38, and 39). For the following reasons, the defendants' motions to dismiss (ECF Nos. 9, 18, and 20) will be granted, and Morgan's MOTION[S] TO AWARD PLAINTIFF FEDERAL & STATE CRIME VICTIMS RIGHTS, and DENY DEFENDANTS ANY/ALL FORMS OF RELIEF - PER 18 USC 3771 (d)(1) (ECF Nos. 28, 34, 36, 38, and 39) will be denied. But, because Morgan

has recently retained counsel, the dismissal will be without prejudice.

## BACKGROUND

Morgan, proceeding *pro se*, filed this action on June 21, 2018 against five defendants. See ECF No. 1. Morgan alleges that NVR Mortgage Finance Inc. ("NVR") is the original lender of her loan. Id. at 4.[1] NVR owned the original mortgage loan, but it sold her mortgage to Bank of America, N.A. ("Bank of America") over a decade ago. Morgan alleges that Bayview is the current servicer of her loan, that E*Trade is the current owner of the loan, and that MERS is the beneficiary of her loan. Id. at 4. It is not clear why Morgan named Bank of America as a defendant, see id. at 5, but she alleges that Bank of America was a prior servicer. Id. at 6.

In the Complaint, Morgan alleges that she has been trying to get information from the defendants for over nine years to verify that her mortgage's chain of title is correct and to ensure that the party collecting payments has a legal right to collect her mortgage. Id. at 5. Morgan says that she has never been in default or submitted any late payments, but she acknowledges that she still must send in payments to avoid default. See id. at 6.

The Complaint lacks logical flow, making it difficult to discern Morgan's legal claims and which claims apply to which

---

[1] In 2011, Morgan previously filed a suit against NVR in a Virginia state court. That case was dismissed.

defendants. Morgan labeled the Complaint as a "QUIET TITLE ACTION." See id. at 2. She insinuates that she did not know that her mortgage would be sold and securitized, although she recognizes that the defendants had a right to do so, and she alleges that the defendants engaged in fraud by selling her mortgage. See id. at 3-6. She also alleges that there is a "cloud" over her title because she thinks that she may have to defend her ownership against some unknown party at some unknown time in the future. Id. at 8. She further includes a conclusory litany of other claims without explanation as to how they apply to her case or which of the defendants she thinks violated which of the laws which she mentions, including: (1) a claim under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution for alleged manipulation of the London Inter-bank Offered Rate ("LIBOR"); (2) racketeering under 18 U.S.C. § 1957; (3) money laundering under 18 U.S.C. § 1956; (4) use of an "illegal currency" in a deal under Code of Virginia § 6.2-203; (5) fraud that can result in rescission of a contract under U.C.C. § 3-202; (6) an unfair or deceptive acts or practices claim under Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45) (the "FTCA"); (7) a trademark claim under 15 U.S.C. § 1125; (8) an unfair or deceptive acts or practices claim promulgated by the Consumer Financial Protection Bureau; and (9) a securities claim under Section 17(a) of the Securities Exchange Act of 1933 (15 U.S.C. § 77q(a)). See

generally id. She requests multiple remedies, which, in essence, ask the Court to nullify her mortgage, to hold that the defendants have no legal or equitable interest in the property, and to order the defendants to give her money.

In response to the Complaint, each defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See DEFENDANT NVR MORTGAGE FINANCE, INC.'S MOTION TO DISMISS (ECF No. 9); MOTION TO DISMISS (ECF No. 18); DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 20). Morgan also filed five separate documents titled MOTION TO AWARD PLAINTIFF FEDERAL & STATE CRIME VICTIMS RIGHTS, and DENY DEFENDANTS ANY/ALL FORMS OF RELIEF - PER 18 USC 3771 (d)(1). See ECF Nos. 28, 34, 36, 38, and 39. Her motions ask the Court to ignore the Defendants' arguments and to grant her relief.

## DISCUSSION

### A. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and views the Complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). But the Court does not need to accept the plaintiff's legal conclusions drawn from those facts. Id. The Court can take judicial notice of matters of public record, and it can consider documents attached

to the complaint and motions to dismiss "so long as they are integral to the complaint and authentic." Id.

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a motion to dismiss under Rule 12(b)(6) does not require detailed factual allegations, but it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires "more than a sheer possibility that a defendant acted unlawfully." Id.

Courts construe *pro se* complaints liberally. As the Supreme Court has instructed, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

5

(per curiam) (citations omitted); see Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

**B.  Morgan Fails To State A Claim for Quiet Title**

Morgan's complaint is styled as a "QUIET TITLE ACTION," see ECF No. 1 at 2. So, the Court addresses that claim first.

Under Virginia law, a plaintiff "seeking to quiet title must plead that she has superior title over the adverse claimant" and that she "has fully satisfied all legal obligations to the real party in interest." Squire v. Virginia Hous. Dev. Auth., 287 Va. 507, 520, 758 S.E.2d 55, 62 (2014). Morgan does not plead that she has superior title or has satisfied all legal obligations. Thus, Morgan has not alleged a quiet title action against any party.

**C.  Morgan Has Failed To State A Claim For Fraud**

Morgan also alleges that the defendants committed fraud by securitizing her mortgage and selling that mortgage. But her concerns about the defendants' securitization of her mortgage are inadequate to state a claim for fraud. "To prevail on an actual fraud claim under Virginia law, a plaintiff must prove by clear and convincing evidence '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party misled.'" Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 628 (4th Cir. 1999) (quoting

Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (Va. 1994)). For a fraud claim to be sufficiently pleaded, the Complaint must allege those elements.

Here, the Complaint does not plead the necessary element of a well-pleaded fraud claim. Moreover, selling mortgage loans is legal under federal law. E.g., O'Dell v. Deutsche Bank Nat. Tr. Co., No. 1:12-cv-985, 2013 WL 2389874, at *14 (E.D. Va. May 30, 2013), aff'd, 442 F. App'x 861 (4th Cir. 2011)). Additionally, Virginia law "dating back to at least 1827" has allowed notes to be endorsed "in blank" so that the notes may be transferred freely and so the buying party "has full power to enforce" the notes. Horvath v. Bank of New York, N.A., 641 F.3d 617, 621 (4th Cir. 2011); see also Va. Code Ann. § 8.3A-205(b) ("If an endorsement is made by the holder of an instrument and it is not a special endorsement, it is a 'blank endorsement.' When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed.").

Finally, Morgan herself acknowledges that she knew the note could be sold, so there was no false representation made by any defendant. See ECF No. 1 at 9 ("The Plaintiff was aware that the note/mortgage 'might' be sold and/or reassigned." (emphasis added)). Thus, she has no basis for a fraud claim against the defendants.

### D. Morgan's Other Claims Fail To Satisfy Rule 12's Pleading Standard

Even though Morgan lists numerous statutes and the Fourteenth Amendment of the Constitution, she fails to state a claim based on any of them. Instead, she provides only "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action," which are not enough to survive a Rule 12(b)(6) motion to dismiss. Twombly, 550 U.S. at 555. The Complaint fails to "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

First, her Equal Protection Clause claim—due to alleged LIBOR manipulation—fails because Morgan has not sued any governmental entity, and the Fourteenth Amendment applies only to conduct by a government. See Shelley v. Kraemer, 334 U.S. 1, 13 (1948). And, even if she had brought those LIBOR-manipulation claims under another statute, they would fail because Morgan has not alleged that any of these defendants participated in any Libor-manipulation scheme. Instead, she merely cites a Wikipedia article that does not mention any defendant in this action. See ECF No. 1 at 5-6.

Second, Morgan's racketeering and money laundering claims under 18 U.S.C. § 1956 and § 1957 fail, because those are criminal statutes that do not indicate that Congress intended to create a

private right of action. See Cort v. Ash, 422 U.S. 66, 80 (1975) (noting that a "bare criminal statute" had "absolutely no indication that civil enforcement of any kind was available to anyone"); see also Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from a bare criminal statute, because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." (citations omitted)). And, even if Morgan alleged a civil RICO claim, she does not allege facts that satisfy the elements of such a claim. A violation of the civil RICO statute requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) (footnote omitted). Morgan has not pleaded any facts to satisfy these elements. Most notably, she has not specified any "racketeering activity" under 18 U.S.C. § 1961 (also known as the "predicate act") in which the defendants engaged, nor has she alleged that they participated in a "pattern" of racketeering activity through at least two distinct but related predicate acts. Id. at 496 n.14; Walters v. McMahen, 684 F.3d 435, 440 (4th Cir. 2012). Thus, even if Morgan had brought a civil RICO claim, any such claim would fail.

Third, Morgan fails to state a claim for use of an "illegal currency" in a deal under Code of Virginia § 6.2-203. Morgan has

alleged only that she was harmed by interest-rate manipulation. ECF No. 1 at 9. Because an interest rate is not a currency, see Currency, Black's Law Dictionary, her claim fails. Thus, there are no facts to support a claim that the defendants used an illegal currency to harm her.

Fourth, Morgan cannot sue to rescind her mortgage agreement under U.C.C. § 3-202, even if she had a valid claim, because her right of rescission expired in 2009, which was three years after she signed the note and mortgage deed. See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."). Thus, she has not pleaded facts to satisfy a claim under U.C.C. § 3-202.

Fifth, Morgan cannot bring a claim under Section 5 of the FTCA. As this Court has previously said, "The Fourth Circuit has explicitly recognized that 'the substantive prohibitions of [the FTCA] [are] inextricably intertwined with provisions defining the powers and duties of a specialized administrative body charged with its enforcement,' and, as a result, 'courts have declined to imply any private right of action [in the FTCA] and have relied upon the regulatory scheme to police the industry.'" Benton v. Phillips Edison & Co., No. 3:17CV630-HEH, 2017 WL 6273361, at *4 (E.D. Va. Dec. 8, 2017) (alterations in original) (quoting A & E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 675

(4th Cir. 1986)). Therefore, Morgan has no legal claim against any defendant under the FTCA. Id.

Sixth, there is no trademark at issue in this case, so Morgan cannot make a claim under 15 U.S.C. § 1125. To state an infringement claim, the trademark holder must prove: (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant used the mark "in commerce"; (4) that the defendant used the mark "in connection with the sale, offering for sale, distribution, or advertising" of goods and services; and (5) that the defendant used the mark in a manner that was likely to confuse consumers. See, e.g., Lamparello v. Falwell, 420 F.3d 309, 313 (4th Cir. 2005); People for Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 364 (4th Cir. 2001). Morgan has not alleged that there is any trademark at issue in this case, so she cannot maintain such a claim.

Seventh, Morgan's claims related to the Consumer Financial Protection Bureau's rules cannot be brought, because the Consumer Financial Protection Bureau was established after Morgan bought her house.

Finally, Morgan cannot bring a claim Section 17(a) of the Securities Exchange Act of 1933 (15 U.S.C. § 77q(a)). Simply put, a private individual cannot bring a claim under Section 17(a) because the Fourth Circuit has held that Section 17(a) does not contain a private right of action. Newcome v. Esrey, 862 F.2d

1099, 1107 (4th Cir. 1988) (en banc). Thus, Morgan cannot bring a claim under that statute here.

### E. Morgan's Various Motions Asking For The Court To Award Her Relief And Deny Defendants Relief (ECF Nos. 28, 34, 36, 38, and 39) Fail As A Matter of Law

Morgan has also filed five motions that she has labeled "MOTION TO AWARD PLAINTIFF FEDERAL & STATE CRIME VICTIMS RIGHTS, and DENY DEFENDANTS ANY/ALL FORMS OF RELIEF – PER 18 USC 3771 (d)(1)." See ECF Nos. 28, 34, 36, 38, and 39. These motions function both as responses to the Defendants' various motions to dismiss and as motions seeking protection under the Crime Victims' Rights Act ("CVRA"). These papers are illogical and hard to follow. Moreover, Morgan's papers do not substantively respond to the Defendants' arguments. Instead, Morgan's papers just copy and paste statements from various websites and cases, Morgan's motions lack merit. The Fourth Circuit has said that "[t]he rights codified by the CVRA . . . are limited to the criminal justice process; the Act is therefore silent and unconcerned with victims' rights to file civil claims against their assailants." United States v. Moussaoui, 483 F.3d 220, 234-35 (4th Cir. 2007). Thus, she cannot bring a claim under the CVRA in a civil proceeding, so her motions are denied.

### F. Morgan's Current Complaint Is Frivolous

Even according Morgan's Complaint the liberal interpretation given to papers filed by *pro se* litigants, it is frivolous.

Nowhere does Morgan allege that she has been injured by the conduct of any defendant. Early in the case, the Court asked Morgan what she wanted to achieve by filing the Complaint. She advised that she was ill and just wanted to know who held her mortgage. Although that seemed obvious because Morgan knew to whom she must make mortgage payments, the Court directed the parties to make clear how and to whom over time, the mortgage had been transferred. That did not satisfy Morgan. Instead, she then pressed, for reasons neither expressed nor readily apparent, to nullify her mortgage and to declare that no defendant, even the current holder of the mortgage, has an interest in it.

Whether this change of mind is caused by ignorance of the facts or the law, by nuance, or by other reasons, it evinces, when compared to applicable legal principles, frivolity, perhaps even a vexatious purpose. And, the defendants cannot be required to incur legal fees to defend against claims that are frivolous at best, vexatious at worst.

### G. The Dismissal Will Be Without Prejudice

Ordinarily, an action commenced by a Complaint such as this would be dismissed with prejudice and without leave to amend. However, Morgan has recently retained counsel who has noted appearances in this case to assist Morgan on a *pro bono* basis. See ECF Nos. 65, 67, 68, and 69. Morgan's counsel has filed a Motion to Stay (ECF No. 66). That motion will be decided

separately. However, counsel may file an Amended Complaint by April 26, 2019.

## CONCLUSION

For the forgoing reasons, DEFENDANT NVR MORTGAGE FINANCE, INC.'S MOTION TO DISMISS (ECF No. 9), the MOTION TO DISMISS (ECF No. 18) filed by Bayview, E*Trade and "MERS, and DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 20) will be granted; and Morgan's MOTION[S] TO AWARD PLAINTIFF FEDERAL & STATE CRIME VICTIMS RIGHTS, and DENY DEFENDANTS ANY/ALL FORMS OF RELIEF - PER 18 USC 3771 (d)(1) (ECF Nos. 28, 34, 36, 38, and 39) will be denied. The dismissal will be without prejudice.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 28, 2019